IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **Benjamin R. Segovia,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13cv512 (LMB/TCB) |
| | ) | |
| **Harold Clarke,** | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Benjamin R. Segovia, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of rape and other offenses in the Circuit Court of Arlington County. Petitioner paid the filing fee required by 28 U.S.C. § 1914(a). On June 10, 2013, respondent filed a Rule 5 Answer and Motion to Dismiss with a supporting memorandum of law. Respondent provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and after receiving an extension of time, petitioner filed a Motion in Opposition to Respondent's Motion to Dismiss with exhibits and a supporting affidavit on August 9, 2013. For the following reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice. Petitioner's Motion in Opposition will be denied.

I. Background

Following the entry of Alford pleas,[1] petitioner was adjudicated guilty of rape, abduction with the intent to defile, and two counts of forcible sodomy on May 19, 2010. The charges stemmed from the assault of a nine-year-old girl as she walked home from her bus stop.

---

[1] See North Carolina v. Alford, 400 U.S. 25 (1970).

Ramirez-Segovia v. Commonwealth, R. No. 1787-10-4 (Va. Ct. App. Mar. 9, 2011), slip op. at 1.[2] Petitioner was sentenced to life in prison on each charge, with three of the sentences to run concurrently and the fourth to run consecutively. Id.

On direct appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging petitioner's sentence. He also moved to withdraw. Among the claims raised on appeal was the contention that the sentence was wrongfully based in part on petitioner's maintenance of his innocence pursuant to an Alford plea. On March 9, 2011, the appeal was determined to be wholly frivolous, the petition for appeal was denied, and counsel's motion to withdraw was granted. Ramirez-Segovia, supra.

On October 18, 2011, petitioner filed a motion for delayed appeal in the Supreme Court of Virginia. The Commonwealth moved to dismiss the motion, and the Court denied petitioner's motion on November 22, 2011.

On May 24, 2012, petitioner filed an application for a state writ of habeas corpus in the Supreme Court of Virginia.[3] By Order dated August 20, 2012, the Court dismissed the petition on the holding that it was not timely filed pursuant to Virginia Code § 8.01-654(A)(2). Ramirez-

---

[2]Throughout his Virginia proceedings, petitioner was referred to as "Benjamin Ramirez-Segovia;" however, on the face of the petition he filed with this Court, he used the name "Benjamin R. Segovia." Therefore, the Court uses the name "Segovia" in this Memorandum Opinion.

[3]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Segovia's state habeas corpus application does not indicate the date it was deposited in the prison mail system, but it was executed on May 24, 2012. In the absence of evidence to the contrary, the Court will assume that the petition was delivered for mailing that same day.

Segovia v. Dir., Dep't of Corrections, R. No. 120981 (Va. Aug. 20, 2012). On October 11, 2012, Segovia moved for an extension of time to file a petition for rehearing, and his request was denied on November 29, 2012. Petitioner thereafter filed a petition for rehearing, which was dismissed as untimely by Order dated February 6, 2013.

Petitioner then turned to the federal forum and filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 28, 2013, raising the following claims:

1. The Supreme Court of Virginia denied him due process by refusing to entertain his petition for a writ of habeas corpus.

2. The trial court erred in basing his sentence in part on his maintenance of his innocence pursuant to an Alford plea.

3. He received ineffective assistance of appellate counsel where counsel (a) intentionally failed to raise meritorious issues and (b) filed the notice of appeal in the wrong court.

4. The Court of Appeals of Virginia denied him due process by denying his motion for rehearing.

Respondent has moved to dismiss the petition, and petitioner has filed a reply. Accordingly, this matter is now ripe for disposition.

**II. The Petition is Time-Barred**

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, petitioner's convictions were affirmed by the Court of

3

Appeals of Virginia on March 9, 2011. Ramirez-Segovia, R. No. 1787-10-4, supra. Because that judgment was not timely appealed to the Supreme Court of Virginia, the convictions became final on April 8, 2011, when the thirty-day appeal period expired. See Va. Sup. Ct. R. 5A:6(a).

In calculating the AEDPA limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, petitioner did not commence his first postconviction proceeding until May 28, 2012, when he filed his petition for a state writ of habeas corpus in the Supreme Court of Virginia. By then over thirteen (13) months had elapsed since the convictions became final, therefore, pendency of a state action could no longer toll the federal limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Moreover, in this case even the filing of the state habeas corpus petition did not act to toll the limitations period. In dismissing the petition, the Supreme Court of Virginia expressly found that it was filed untimely pursuant to Virginia Code § 8.01-654(A)(2). Ramirez-Segovia, R. No. 120981, supra. Accordingly, the petition was not "properly filed" and did not toll the limitations

period. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely). The limitations period thus ran unchecked from April 8, 2011, the date petitioner's convictions became final, until this federal petition was filed on March 28, 2013. Because a total of over twenty three (23) months of untolled time elapsed from the date the convictions at issue became final until this federal proceeding was filed, this petition is untimely.

### III. Equitable Tolling Does Not Apply

In his Motion in Opposition to Respondent's Motion to Dismiss, petitioner suggests that he may be arguing that the untimeliness of this federal petition was caused when he was abandoned by counsel on direct appeal. Although petitioner does not explicitly argue for equitable tolling, in effect he argues that the limitations period should be equitably tolled. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the

5

> party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's own lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

In a concurring opinion in Holland, Justice Alito observed that the Court's prior cases make it "abundantly clear" that attorney negligence, even gross attorney negligence, is an insufficiently extraordinary circumstance to warrant equitable tolling. 130 S.Ct. at 2566, citing Lawrence v. Florida, 549 U.S. 327 (2007); Coleman v. Thompson, 501 U.S. 722 (1991). On the other hand, "the AEDPA statute of limitations may be tolled if the missed deadline results from attorney misconduct that is not constructively attributable to the petitioner." Id. at 2568. Because counsel's near-total failure to communicate with Holland essentially had amounted to Holland's "abandonment" by counsel, Justice Alito concluded that "[i]f true, petitioner's allegations would suffice to establish extraordinary circumstances beyond his control. Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." Id. at 2568.

In petitioner's case, he was not abandoned by counsel. To the contrary, consistent with Anders, counsel filed a petition for appeal suggesting three possible assignments of error. Also pursuant to Anders, the Court of Appeals of Virginia entered an order on October 20, 2010, granting petitioner an extension of time to file a pro se supplemental petition for appeal; however, and petitioner did not do so. The appellate court thereafter entered an Order stating that it had reviewed the petition and the record, rejecting counsel's three suggested points of error,

and granting counsel's motion to withdraw. Ramirez-Segovia, R. No. 1787-10-4, supra. Under these circumstances, counsel did not abandon petitioner, as petitioner appears to claim, but instead appropriately followed the dictates of Anders in his efforts to represent petitioner. Petitioner admits that after the petition for appeal was refused, appellate counsel "immediately informed Petitioner that he has the opportunity to pursue his Post-Conviction appeal to the Court and request for a rehearing review to the three (3) panel judges." Pet. Mo. in Opp at 13. That communication further suggests the conclusion that the attorney abandonment exception to the general rule identified by Justice Alito in Holland does not apply to this case. For these reasons, the petition must be dismissed as time-barred.

## IV. Procedural Default

Even if the petition had been timely filed, its claims are procedurally defaulted from federal review, as they were never reviewed on the merits by the Supreme Court of Virginia. Claim 2, concerning the propriety of petitioner's sentence, was presented to the Court of Appeals of Virginia on direct appeal. That court declined to consider the issue because it had not first been raised in the trial court. Ramirez-Segovia, R. No. 1787-10-4, slip op. at 2-3. As discussed above, the Supreme Court of Virginia thereafter declined to grant petitioner a delayed appeal. Claims 1, 3 and 4 were first raised in petitioner's state habeas corpus application, which was dismissed as untimely. Ramirez-Segovia, R. No. 120981, supra. Thus, none of the claims raised here has been scrutinized on the merits by the Supreme Court of Virginia.

As a general rule, a federal petitioner must first exhaust his claims in state court, and failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997).

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, petitioner is now precluded from raising his unexhausted claims in state court. Specifically, the claims are procedurally defaulted under Virginia Code § 8.01-654(B)(2), which bars successive state habeas petitions, and by Virginia Code § 8.01-654(A)(2), which provides a statute of limitations for state habeas petitions. Therefore, petitioner's claims are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722,

753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens, 66 F.3d at 1359 (4th Cir. 1995). Petitioner has not established any of these factors.[4] Accordingly, even if this petition had been timely filed, the claims are procedurally defaulted from consideration on the merits.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice as time-barred and alternately as procedurally defaulted, and petitioner's Motion in Opposition to Respondent's Motion to Dismiss will be denied. An appropriate Order shall issue.

Entered this 16th day of August 2013.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[4] In Martinez v. Ryan, 566 U.S. __, 132 S.Ct. 1309 (2012), the Supreme Court held that where state law provides that a claim of ineffective assistance of trial counsel must be presented in an initial-review collateral proceeding, such claims are not procedurally barred from federal review if there was no counsel or ineffective counsel at the initial-review collateral proceeding. As petitioner raises no claim of ineffective assistance of trial counsel, the Martinez exception does not apply.

9